LAW OFFICE OF
CHRISTOPHER C. ROBERTS, LLC
7 GLENWOOD AVENUE
SUITE 401
EAST ORANGE, NEW JERSEY 07017

—————

(973)-673-0600
FAX (973)-673-0627

November 25, 2019

Clerk of the Court
United States District Court of New Jersey
Dr. Martin Luther King, Jr. Bldg.
50 Walnut Street
Newark, New Jersey 07102

**RE: Taylor v. City of Jersey City, et al.**
**Civil Action No:**

Dear Clerk of the Court:

Enclosed please find Plaintiff's Complaint and Jury Demand in the above referenced matter. Please file accordingly.

Thank you for your time and your cooperation.

Very truly yours,

Christopher C. Roberts, Esq.

Enclosure

Christopher C. Roberts (#001351995)
Attorney at Law
7 Glenwood Avenue, Suite 401
East Orange, New Jersey
(973)-673-0600
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

---

Keesha Taylor,

      Plaintiff

  v.

Civil Action No.

COMPLAINT AND JURY DEMAND

City of Jersey City, Mark Bunbury,
Arthur Williams, John Does (1-10), Jane Does (1-10),
ABC Corporations (1-10), ABC, LLC
(1-10), ABC LLP (1-10), JOINTLY,
SEVERALLY, INDIVIDUALLY

      Defendants.

---

Plaintiff Keesha Taylor residing in the City of Jersey City, County of Hudson, State of New Jersey, complaining of defendants City of Jersey City, Mark Bunbury, Arthur Williams, located at 280 Grove Street, Jersey City, NJ 08807, alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New Jersey Law Against

1

Discrimination and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. sections 621-634, 42 U.S.C. sections, 1983 and 1985, Family Medical Leave Act 29 U.S.C.A. section 2601

2. The amount in controversy is greater than $75,000.00.

3. Venue is proper under 28 U.S.C. section 1391(a) in the United States District of New Jersey because defendants' activities transpired in this district.

PARTIES

4. At all relevant times, Defendant City of Jersey City (hereafter "City") was and is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 280 Grove Street, Jersey City, New Jersey 07302.

5. At all relevant times, Defendant Mark Bunbury was in the employ of defendant "City" whose location is at 280 Grove Street, Jersey City, State of New Jersey. At all relevant times, Defendant Mark Bunbury was the agent, employee, representative, servant of defendant "City".

6. At all relevant times, Defendant Arthur Williams was in the employ of defendant "City" whose location is at 280 Grove Street, Jersey City, State of New Jersey. At all relevant times, Defendant Arthur Williams was the agent, employee, representative, servant of defendant "City".

7. At all relevant times, defendants John Does (1-10), Jane Does (1-10), ABC Corporation (1-10), ABC. LLC (1-10), ABC LLP (1-10), were in the employ of defendant "City" whose location is at 280 Grove Street, Jersey City, State of New Jersey. At all relevant times, defendants John Does(1-10), Jane Does (1-10), ABC Corporation (1-10), ABC, LLC (1-10), ABC LLP (1-10), were the agents, employees, representatives, servants of defendant "City".

2

## FACTS COMMON TO ALL CLAIMS

1.  This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the New Jersey Law Against Discrimination and the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. sections 621-634.

2.  Upon information and belief, Plaintiff Keesha Taylor alleges that Defendants City of Jersey City, Mark Bunbury and Arthur Williams and John (or Jane) Does 1-10, all of whose true names are unknown (collectively, "Defendants"), unlawfully discriminated against them on the basis of his age, gender/sex, disability association, and harassed her on those bases and retaliated against her.

3.  Upon information and belief, Plaintiff further alleges that Defendants' policies, practices, and decisions had a disparate impact upon him.

4.  Upon information and belief, Plaintiff seek injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

5.  Upon information and belief, Plaintiff timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in or about November 2018.

6.  Upon information and belief, on or about June 21, 2019, the EEOC made a Final Determination by EEOC Area Director John Waldinger, finding that Plaintiff was subjected to severe and pervasive hostile work environment, harassment, differential treatment and adverse employment terms and conditions and retaliation based on her age.

3

7. Upon information and belief, on or around, the EEOC issued Plaintiff a Notice of Right to Sue on or about September 5, 2019.

8. Upon information and belief, Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

9. Upon information and belief, Plaintiff is a black woman over the age 40, born in 1971, thus making him approximately 48 years old.

10. Upon information and belief, Plaintiff has been employed as an Omni Bus Operator with the City of Jersey City Department of Recreation since or about July 2014.

11. Upon information and belief, in or about April 2018, Plaintiff has been a target of discrimination by Her Director, Arthur Williams. There was an investigation in payroll fraud and Plaintiff was called in by Defendants and questioned. Defendant Mark Bunbury was the Human Resources Director during all times mentioned throughout the complaint.

12. Upon information and belief, on or about June 14, 2018, Plaintiff was scheduled for an interview by Human Resources to discuss EEO concerns. Plaintiff was then referred to as the former Directors staff member and not to be trusted.

13. Upon information and belief, on or about June 18, 2018, Plaintiff became sick on the job and was taken to Jersey City Medical Center because of the Defendant City of Jersey City building's poor air quality and gas and fumes in the building coming from the sewage waste pit located under the building of Plaintiff's work site.

14. Upon information and belief, on or about June 25, 2018, Plaintiff returned to work and was told that she had to leave and get cleared by the Defendant Jersey City's doctors. Plaintiff went to Defendant's doctor and was put on Worker's Compensation due to breathing

complications. Defendant Williams told Plaintiff's co-workers that Plaintiff was not sick and accused Plaintiff of committing fraud.

15. Upon information and belief, on or about June 27, 2018, Plaintiff returned to work and then within 2 hours working, Plaintiff had to be rushed to the Defendant's doctor and then to Christ Hospital. Plaintiff was placed back on Worker's Compensation. During this say of June 27, 2018, Plaintiff received while in the hospital, an e-mail stating the Plaintiff was being transferred to Pershing Field.

16. Upon information and belief, on or about July 13, 2018, Plaintiff received a letter form Defendants stating that Plaintiff was being transferred again.

17. Upon information and belief, on or about July 17, 2018 Plaintiff had duties of doing payroll. At this time, the drivers' checks and hours and time sheets were incorrect and some drivers did not get paid. Plaintiff e0mailed Mr. Troncoso of Defendant Jersey City and Plaintiff was reprimanded. Plaintiff was taken out of the system and Plaintiff on or about July 19, 2018 received a letter stating that she was being transferred to the Gray Trailers at the Recreation Office located outside of the Recreation Department building.

18. Upon information and belief, on or about August 13, 2018 Plaintiff was sent an e-mail stating that as of August 14, 2018 all Defendant Jersey City employees are to report to work at regular hours of 9:00 am to 5:00pm, however Plaintiff was informed by Defendants that she had to continue with Summer hours of 8:00 am to 4:00 pm which impacted her child care needs.

19. Upon information and belief, on or about August 17, 2018, Plaintiff was informed by Defendant Williams to return to her desk inside the building. While back in the building Plaintiff witnessed a co-worker, Tiara Vanterpool, be harassed by another employee named

Mrs. McReynolds in the bathroom. On or about August 24, 2018, Plaintiff received an e-mail stating that she was scheduled for an EEO workplace investigation as a fact witness.

20. Upon information and belief, on or about September 1, 2018, Plaintiff received an e-mail stating that she would receive a brand new assignment at the library starting September 4, 2018. Plaintiff was told by Defendants that she was to only do this new assignment at the library. The EEO investigation took place on September 4, 2018 and Plaintiff was not aware of the EEO and went to her new assignment at the Library on September 4, 2018 and EEO considered Plaintiff a no show.

21. Upon information and belief, on or about September 12, 2018, Plaintiff was called into a meeting by Defendant Williams and told Plaintiff that she was not following directions. Plaintiff showed Defendant Williams an e-mail stating the directions he e-mailed her and Defendant Williams appeared to be surprised by the e-mail. Defendant Williams told Plaintiff that he did not want Plaintiff to come back to the office in the building, to go to lunch with other co-workers and that she could use the lavatory facilities at any library or somewhere else.

22. Upon information and belief, on or about September 17, 2018, Plaintiff sent a letter complaining of retaliation to the Defendant Williams and Human Resources, the Mayor and others. On the same day, Defendant Williams sent Plaintiff's co-worker Tekeria Clark to tell Plaintiff to give her (Plaintiff's) desk keys to Ms. Clark because Ms. Clark was going to occupy Plaintiff's desk. Plaintiff received a letter to refrain from coming to the office until her duty was over with her last drop off at 4:00 p.m. Plaintiff informed Defendant of her time and Defendant Williams appeared to not care. Plaintiff put in her overtime papers and Defendant Williams stated that he was not paying for overtime.

6

23. Upon information and belief, on or about September 19, 2018 Defendant Williams followed Plaintiff as she was driving the bus. On or about September 21, 2018, Plaintiff received an e-mail stating that she had to turn in her passengers' log sheet to collect her overtime. Plaintiff informed Defendants Williams that she turned in her passengers' log sheets every day to her supervisor along with the van keys and daily time sheets and Plaintiff did not get paid for her overtime.

24. Upon information and belief, on or about September 26, 2018, Plaintiff was excluded from a mandatory employee meeting because she was assigned to be at the Library in her bus even though the Library had been closed to the public since March 2015.

25. Upon information and belief, Plaintiff forwarded a complaint to Human Resources about being excluded from the meeting.

26. Upon information and belief, on or about October 19, 2018, Plaintiff sought counseling to cope with the job harassment and retaliation.

27. Upon information and belief, in or about 2018, Defendant Arthur Williams stripped Plaintiff of her duties as a Bus Driver, isolated Plaintiff from the workplace, excluded Plaintiff from staff meetings, refused overtime paid and transferred to another location. Defendant Arthur Williams has made comments to Plaintiff such as "You are too old to work in Recreation" or words to that effect. Plaintiff has complained to Human Resources about Defendant Arthur Williams harassing and discriminatory conduct only to be subjected to retaliation by Defendants.

28. Upon information and belief, in or about 2018, Plaintiff participated in an internal discrimination investigation and was retaliated against by Defendants when she served as

7

a witness in the internal discrimination investigation. Defendants have not taken appropriate measurements to prevent, stop and remedy the discrimination which continues.

29. Upon information and belief,

30. Upon information and belief, Defendant(s) Mark Bunbury, Arthur Williams, John Does (1-10), Jane Does (1-10), ABC Corporations (1-10), ABC, LLC(1-10), ABC LLP (1-10),aided and abetted the discriminatory treatment against Plaintiff.

COUNT ONE

(NEW JERSEY LAW AGAINST DISCRIMINATION N.J.S.A. 10:5-1 et seq.)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment, hostile work environment, based on age, gender, sex, disability discrimination, retaliation, in violation of the New Jersey Law Against Discrimination 10:5-1 et seq.

3. As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort, pain and suffering

COUNT TWO

(VIOLATION of AGE DISCRIMINATION in EMPLOYMENT ACT 29 U.S.C. sections 621-634)

8

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Count One and by such reference repleads and incorporates them as though fully set forth herein.

2. Defendants' conduct as alleged in this complaint constitutes an unlawful employment practice, disparate treatment, hostile work environment based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. sections 621-634

3. In addition to its direct liability, the Defendant City of Jersey City is also vicariously responsible for the actions of Mark Bunbury, Arthur Williams, its agents or employees, by way of the doctrine of respondeat superior.

4. As a direct, foreseeable and proximate result of defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, discomfort, pain and suffering

## COUNT THREE

RETALIATION in VIOLATION of TITLE VII of the CIVIL RIGHTS ACT OF 1064, 42 U.S.C. sec. 2000e- (a)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One and Two and by such reference repleads and incorporates them as though fully set forth herein.

2. Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

3. Plaintiffs made informal and formal complaints to Defendants' agents and employees

9

opposing Defendants' unlawful, discriminatory employment practices based on gender/sex.

4. Defendants' adverse actions constituted retaliatory workplace harassment.

5. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

6. As a direct, legal and proximate result of Defendants' retaliation, Plaintiffs have sustained, and will continue to sustain, economic and emotional injuries, resulting in damages.

## COUNT FOUR

### (VIOLATION of 42 U.S.C. sections, 1983 and 1985)

1. Plaintiff refers to the allegations set forth in the Facts Common to All Claims and Counts One, Two and Three and by such reference repleads and incorporates them as though fully set forth herein.

2. Plaintiff repeats the aforementioned allegations as though fully set forth herein.

3. By the defendants' actions as foresaid and acting with deliberate indifference to Plaintiff's constitutional rights, the defendants violated Plaintiff's rights including but not limited to his right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution, 42, U..S.C. sections 1983 and 1985 as well as his free speech and associational rights under the First Amendment to the United States Constitution, which violations were made by an official decision or decisions made under color of law by one or more individuals vested with authority, actual and/or implied, to make such decisions for a public body of the State of New Jersey.

10

4. In addition to its direct liability, the Defendant City of Jersey City is also vicariously responsible for the actions of Arthur Williams, Mark Bunbury, its agents or employees, by way of the doctrine of respondeat superior.

5. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

(COUNT FIVE)

(VIOLATION OF FAMILY MEDICAL LEAVE ACT 29 U.S.C.A. section 2601)

1. Plaintiff refers to the allegations set forth in the Facts Common at all Claims, Counts One, Two and Three, above and by such reference repleads and incorporates them as though fully set forth herein.

2. Upon information and belief, Defendant City of Jersey City is an employer of at least 50 people.

3. Defendant City of Jersey City interfered with, retaliated against, restrained and/or denied Plaintiff protection afforded under the Family Medical Leave Acts by discriminating and/or retaliating against plaintiff, by not protecting his job security because she exercised her rights under FMLA 29 U.S.C.A. section 2601, et seq.

4. As a proximate cause of defendants' conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, retirement benefits and other employee benefits that plaintiff would have received had defendants not violated plaintiff's rights under the FMLA.

11

5.    As a further proximate result of the above-mentioned acts, plaintiff has suffered economic losses, humiliation, mental pain and anguish.

(COUNT SIX)

(VIOLATION OF N.J.S.A. 34:15-39.1)

1. Plaintiff refers to the allegations set forth in the Facts Common at all Claims, Counts One, Two, Three, Four and Five above and by such reference repleads and incorporates them as though fully set forth herein.

2. This action is brought pursuant to N.J.S.A. 34:15-39.1 et seq., which prohibits discrimination and retaliation against a person because the employee claimed workers' compensation benefits from the employer. Defendants are liable to plaintiff for lost wages arising out of such discrimination and must return plaintiff to employment.

3. Defendants conduct as alleged in this complaint constitutes an unlawful employment practice in violation of N.J.S.A. 34:15-39.1 et seq.

4. As a direct, foreseeable, and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress and discomfort.

13

## COUNT SEVEN

## (NJ WAGE PAYMENT LAW)

1.  Plaintiff refers to the allegations set forth in the Facts Common at all Claims, Counts One, Two, Three, Four, Five and Six above and by such reference repleads and incorporates them as though fully set forth herein.

2.  As defined in the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq. N.J.S.A. 34:11-56a1 et seq. and by failing to pay plaintiff her wages earned and retaliating against her for her complaints, defendants violated the New Jersey Wage Payment Law.

14

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keesha Taylor prays for Judgment against all Defendants, individually, jointly, severally and each of them for all aforementioned claims, for the following injunctive and monetary relief as follows:

1. An order compelling Defendants to take prompt appropriate and effective corrective measures, including those that effect all supervisors and personnel, to prevent abuse, harassment, bullying and discrimination complained of in this Complaint by any employee, agent, and/or representative toward any member of the City of Jersey City Hall community.

2. An order enjoining Defendants from taking retaliatory action of any type against any employees for reporting to or objecting to Defendants' improper activities, policies, and/or practices believed to be in violation of contract, law, rule, and/or regulation promulgated pursuant to law.

3. Any other prospective injunctive relief that the Court deems just and appropriate

4. For compensatory damages including but not limited to lost wages and benefits, and emotional distress damages

5. For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. sec. 2000e-5(k), New Jersey Law Against Discrimination sec. 10:5-27.1, and other laws; and

6. Punitive damages

7. Pain and suffering

8. Attorney fees and costs, plus interest

9. For such other and further relief as the Court deems proper.

DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues.

By:_____
Christopher C. Roberts, Esq.
7 Glenwood Avenue, Suite 401
East Orange, NJ 070107
(973)-673-0600

Dated: November 25, 2019

16

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Keesha Taylor

## DEFENDANTS
City of Jersey City, Mark Bunbury, Arthur Williams, John Doe s(1-10), Jane Does (1-10< ABC Corproation (1-10), ABC, LLC (1-10), ABC, LLP

**(b)** County of Residence of First Listed Plaintiff    Hudson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher C. Roberts, Esq. 7 Glenwood Ave. Ste. 401, East Orange, NJ 07017

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❒ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ❒ 2  U.S. Government Defendant | ❒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ☒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane  ❒ 365 Personal Injury - | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product  Product Liability | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | Liability  ❒ 367 Health Care/ | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment | ❒ 320 Assault, Libel &  Pharmaceutical | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| & Enforcement of Judgment | Slander  Personal Injury | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers'  Product Liability | | ❒ 835 Patent - Abbreviated | ❒ 460 Deportation |
| ❒ 152 Recovery of Defaulted | Liability  ❒ 368 Asbestos Personal | | New Drug Application | ❒ 470 Racketeer Influenced and |
| Student Loans | ❒ 340 Marine  Injury Product | | ❒ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ❒ 345 Marine Product  Liability | | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| ❒ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| of Veteran's Benefits | ❒ 350 Motor Vehicle  ❒ 370 Other Fraud | ❒ 710 Fair Labor Standards | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle  ❒ 371 Truth in Lending | Act | ❒ 863 DIWC/DIWW (405(g)) | Exchange |
| ❒ 190 Other Contract | Product Liability  ❒ 380 Other Personal | ❒ 720 Labor/Management | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| ❒ 195 Contract Product Liability | ❒ 360 Other Personal  Property Damage | Relations | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| ❒ 196 Franchise | Injury  ❒ 385 Property Damage | ❒ 740 Railway Labor Act | | ❒ 893 Environmental Matters |
| | ❒ 362 Personal Injury -  Product Liability | ❒ 751 Family and Medical | | ❒ 895 Freedom of Information |
| | Medical Malpractice | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**     **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 896 Arbitration |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights  **Habeas Corpus:** | ❒ 791 Employee Retirement | ❒ 870 Taxes (U.S. Plaintiff | ❒ 899 Administrative Procedure |
| ❒ 220 Foreclosure | ❒ 441 Voting  ❒ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ❒ 230 Rent Lease & Ejectment | ☒ 442 Employment  ❒ 510 Motions to Vacate | | ❒ 871 IRS—Third Party | Agency Decision |
| ❒ 240 Torts to Land | ❒ 443 Housing/  Sentence | | 26 USC 7609 | ❒ 950 Constitutionality of |
| ❒ 245 Tort Product Liability | Accommodations  ❒ 530 General | | | State Statutes |
| ❒ 290 All Other Real Property | ❒ 445 Amer. w/Disabilities -  ❒ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment  **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 446 Amer. w/Disabilities -  ❒ 540 Mandamus & Other | ❒ 465 Other Immigration | | |
| | Other  ❒ 550 Civil Rights | Actions | | |
| | ❒ 448 Education  ❒ 555 Prison Condition | | | |
| | ❒ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❒ 2 Removed from State Court | ❒ 3 Remanded from Appellate Court | ❒ 4 Reinstated or Reopened | ❒ 5 Transferred from Another District *(specify)* | ❒ 6 Multidistrict Litigation - Transfer | ❒ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TitleVii of Civil Rights 1964
Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:
❒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 500,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes    ❒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE
11/24/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 06 17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.